UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS J. HERNANDEZ,

    Petitioner,

v.                                       Case No. 1:17-CV-327

WILLIE SMITH, et al.,                  HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER REJECTING
## REPORT AND RECOMMENDATION

Plaintiff, Carlos Hernandez, has filed Objections, (ECF No. 61), to Magistrate Judge Ray Kent's October 31, 2017, Report and Recommendation (R & R). (ECF No. 56.) In the R & R, the magistrate judge recommends that the Court grant Defendants' motion for summary judgment for failure to exhaust and dismiss Defendants Watkins, Wilkinson, Hengesbach, Ybarra, and Howard; dismiss Hernandez's retaliation claims against all Defendants; and allow Hernandez's excessive force claims against Defendants Smith, Christiansen, Schiebner, Greenfield, Jaramillo, Andrews, and Scott to proceed.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R and Hernandez's Objection, the Court will reject the R & R and deny Defendants' summary judgment motion.

The facts are largely undisputed and are adequately summarized in the R & R. The magistrate judge recommends dismissing the claims against Defendants Ybarra, Hengesbach,

Wilkinson, and Watkins because Hernandez failed to exhaust his administrative remedies, per the Prisoner Litigation Reform Act, 42 U.S.C. § 1983, in that he failed to name those Defendants in Grievance 1363. The magistrate judge recommends limiting claims under Grievance 1363 to excessive force claims related to the use of a chemical agent because Hernandez did not raise the subsequent events, *i.e.*, throwing him into the shower, pulling him out, and refusing to clean the chemical agent from his cell, in the grievance. The magistrate judge recommends dismissing Hernandez's retaliation claims because Grievance 1491 did not comply with Policy Directive 03.02.130.

MDOC Policy Directive 03.02.130 requires that a prisoner specifically "*name[] all those involved in the issue being aggrieved*" when the prisoner files a grievance. *See, e.g.*, *Hall v. Warren*, 443 F. App'x 99, 106 (6th Cir. 2011) (emphasis in original); *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). The Sixth Circuit created an exception to this requirement so that "if the prison considers a grievance on the merits, this allows a federal court to consider the grievance's merits—'even when a procedural default might otherwise have resolved the claim.'" *Cook v. Caruso*, 531 F. App'x 554, 562-63 (6th Cir. 2013) (quoting and interpreting *Reed-Bey*, 603 F.3d at 325).

"Courts have [also] refused to rigidly enforce this requirement [of naming all those involved], however, where an inmate is unaware of an individual's involvement at the time a grievance is filed." *Martin v. MacLaren*, No. 2:14-CV-208, 2015 WL 4928937, at *2 (W.D. Mich. Aug. 13, 2015) (citing *Contor v. Caruso,* No. 1:07–CV–303, 2008 WL 878665, at *7 (W.D. Mich. Mar.28, 2008)); *see also*, *Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *11 (E.D. Mich. Mar. 30, 2015) (citing *Contor* favorably). "[P]risoners may not be able to learn the names of all persons involved in a situation given prisoners' limited access to information and the short time within which they must file a Step I grievance." *Contor*, 2008 WL 878665, at *3.

2

Hernandez failed to name Defendants Ybarra, Hengesbach, Wilkinson, and Watkins in his original grievance, instead listing "John Doe # 1–5," stating that the John Does would be "used as place holders until their names can be obtained through the discovery process." (ECF No. 34-3 at PageID.163.) The R & R concluded that Plaintiff's failure to specifically name those involved in the grievance amounted to a failure to exhaust his administrative remedies against these Defendants. The Court disagrees. As an initial matter, Hernandez qualifies for the *Reed-Bey* exception because the prison did consider the merits of his grievance without objecting to the use of his John Doe placeholders. (ECF No. 34-3 at PageID.160, 162, 164.) Therefore, the Court can likewise consider the merits of his claim against these Defendants.

Moreover, Hernandez was unaware of the respective Defendants' names at the time he filed his grievance, and he made that clear from the time he first filed. He has further supported this claim in an affidavit attached to his objection to the R & R. (ECF No. 61-1 at PageID.362.) Similar to the prisoner in *Contor*, Hernandez made clear that he would seek to uncover the respective Defendants' names, and his lack of knowledge of their names is understandable given his possible "limited access to information and the short time within which [he had to] file a Step I grievance." *Contor*, 2008 WL 878665, at *3. Accordingly, the magistrate judge's recommendation that Defendants Ybarra, Hengesbach, Wilkinson, and Watkins be dismissed will be rejected.

The magistrate judge recommended dismissing Hernandez' allegations that Defendants "threw him into the shower, pulled him out of the shower, and refused to clean the chemical agent from his cell," because Grievance 1363 exhausted only his claim of excessive force via the chemical agent. (ECF No. 56 at PageID.303.) The facts that Hernandez alleges, *e.g.*, bringing him to the shower and refusing to clean the chemical agent, derive from and are closely related to the same event—*i.e.*, the use of a chemical agent in his cell. Accordingly, the magistrate judge's

recommendation that Hernandez's claim be limited to the act of spraying the chemical agent will be rejected.

The magistrate judge recommended dismissing Hernandez's retaliation claims because Grievance 1491 did not meet MDOC Policy 03.02.130. In particular, the prison rejected the claim at Step I of the grievance procedure because the grievance, in the prison's view, was challenging decisions made in a misconduct hearing. (ECF No. 34-3 at PageID.158-59.) It is clear from Hernandez's Step I grievance that he was challenging retaliatory conduct in the form of a "fabricated misconduct," as opposed to an actual result of the misconduct hearing, a fact Hernandez emphasized in his Step II appeal. (ECF No. 34-3 at PageID.156, 158.) Accordingly, the magistrate judge's recommendation to dismiss Hernandez's retaliation claims will be rejected.

Thus, the R & R's findings that Hernandez did not exhaust his administrative remedies and its recommendations that Defendants' motion for summary judgment be granted will be rejected.

Therefore,

**IT IS SO ORDERED** that Plaintiff's objections (ECF No. 61) are **sustained**.

**IT IS FURTHER ORDERED** that the magistrate judge's R & R (ECF No. 56) is **rejected**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 33) is **denied**.

Dated: December 11, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE