UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS J. HERNANDEZ,

    Plaintiff,

Case No. 1:17-cv-327

Hon. Gordon J. Quist

v.

WILLIE SMITH, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a former state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. The record reflects that while plaintiff's action involves alleged constitutional violations which occurred while he was incarcerated, he was released on or about January 11, 2018 and now lives in Ecorse, Michigan. *See* Change of Address (ECF No. 70). Twelve defendants remain, sometimes referred to collectively as the "MDOC defendants." This matter is now before the Court on "MDOC defendants' Rule 37(d) motion to dismiss for plaintiff's failure to appear for deposition" (ECF No. 73). The motion to dismiss is unopposed.

    **I.**    **Background**

Plaintiff's claims arise from alleged acts which occurred while he engaged in a hunger strike at the Ionia Correctional Facility. *See* Compl. (ECF No. 1). Plaintiff's claims against Dr. Gerlach have been dismissed with prejudice. *See* Order (ECF No. 77). Plaintiff claims that defendants Smith, Christiansen, Schiebner, Greenfield, Jaramillo, Andrews, and Scott violated his rights under the Eighth Amendment by using a chemical agent, using excessive force, and placing

him in inhumane living conditions. Plaintiff also claims that defendants Howard, Smith, Christiansen, and Scheibner retaliated against him by securing a misconduct conviction which violated his First Amendment right to file grievances. Compl. at PageID.12. Plaintiff seeks monetary damages and injunctive relief. *Id*. at PageID.12-13.

Discovery in this case closed on August 20, 2018. *See* Amended case management order (CMO) (ECF No. 71). On June 22, 2018, about two months before the close of discovery, defendants served and filed a Notice of taking plaintiff's deposition. *See* Certificate of Service (ECF No. 72). The Notice advised plaintiff that his deposition was scheduled for July 19, 2018, at 2:00 p.m. at the Michigan Police Post Headquarters in Lansing, Michigan. *See* Notice (ECF No. 74-2). In their motion, defendants state that their counsel appeared at the deposition with a Court reporter and waited until 2:30 p.m. for plaintiff to arrive. Plaintiff did not arrive and the MDOC defendants incurred an appearance fee of $60.00. *See* Brief (ECF No. 74).

MDOC defendants filed the present motion on July 23, 2018. In the brief, defendants' counsel points out that plaintiff was given adequate notice of the deposition and that:

> Plaintiff gave no indication that the time or place was not convenient for him, nor did he make any attempt to reschedule the deposition. Since Plaintiff's time of parole, he has not engaged in or participated in any discovery related to this matter.

PageID.460. Counsel further points out that:

> The Defendants scheduled this deposition in order to develop needed facts from Plaintiff, so that they could proceed effectively with other discovery, such as written interrogatories, requests for admissions, and requests for the production of documents. This window of opportunity is now effectively closed, given that discovery will end on August 20, 2018. It would be manifestly unfair for Defendants to spend the time and resources necessary to develop any further discovery requests in the little time remaining for discovery if Plaintiff will not participate in his deposition.

*Id*. Plaintiff did not respond to defendants' motion.

2

## II.     Discussion

Defendants seek to dismiss plaintiff's action as a sanction for his failure to attend his deposition. Fed. R. Civ. P. 37 provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Among the available sanctions for failing to comply with a court order is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiffs seek dismissal, the most severe sanction available against a party for discovery violations. The Sixth Circuit has identified four factors which should be considered when dismissing a case under Fed. R. Civ. P. 37. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the [] party's failure to cooperate in discovery; the third factor is whether the [] party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass*, 71 F.3d at 241. *See also*, *Ndabishuriye v. Albert Schweitzer Society, USA, Inc.*, 136 Fed. Appx. 795, 800 (6th Cir. 2005) (applying factors to entry of default judgment as a sanction, and noting that as a general rule, "the first factor—bad faith—is the most important").

Considering these factors, the record reflects that plaintiff has failed to cooperate in discovery and that defendants have been prejudiced because discovery is now closed. In the Court's opinion, plaintiff's failure to appear for his deposition without any explanation, failure to contact defendants about discovery, and failure to object to a motion to dismiss his case as a sanction indicate that he is acting in bad faith. Plaintiff is wasting the time and resources of the

Michigan Attorney General's Office, multiple defendants, and this Court by filing a case that he did not intend to pursue. It appears that plaintiff abandoned this action sometime after he left prison, having filed nothing in this Court since January 16, 2018.[1]

While plaintiff was not warned that his failure to cooperate could result in a dismissal, the Court concludes that defendants' motion should be granted. Plaintiff's failure to oppose the motion to dismiss is an adequate basis to grant the motion. *See, e.g, Woods v. Demmer Corp.*, No. 1:09-cv-625, 2010 WL 5147364 at *3 (W.D. Mich. Nov. 18, 2010), report and recommendation adopted, 2010 WL 5146569 (W.D. Mich. Dec. 13, 2010) (noting that the local court rules require a party to file a responsive brief if the party opposes the motion and that the district court may deem the plaintiff to have waived opposition to a motion to dismiss if the plaintiff fails to respond or otherwise oppose it, citing *Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008)).

As the Court explained in granting defendants' motion to dismiss in *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619 (W.D. Mich. 2015):

> Plaintiff fatally provides no opposition to Defendants' arguments. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 Fed. Appx. 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. Appx. 409, 412 (6th Cir. 2013) (same); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss); *Scott v. Tenn.*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

---

[1] The Court notes that it is not unusual for *pro se* prisoners to abandon their civil rights litigation once they are released from prison, resulting in a dismissal of the case for lack of prosecution. *See, e.g.*, *Jackson v. Nevins*, 1:14-cv-1081 (W.D. Mich. Aug. 1, 2018); *Walls v. Unknown Garcia*, 1:12-cv-743 (W.D. Mich. Nov. 13, 2013); *Jackson v. Michigan Department of Corrections*, 1:12-cv-433 (Order) (W.D. Mich. Aug. 5, 2014); and, *Garrison v. Unknown Butler*, 1:08-cv-541 (Order) (W.D. Mich. Aug. 16, 2011).

*Thorn*, 81 F. Supp. 3d at 631.

As a *pro se* litigant, plaintiff is "required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986) ("*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"). A *pro se* litigant is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). There is no reason to keep this case open when plaintiff is not actively prosecuting his claims, not participating in discovery, and not opposing defendants' motion to dismiss. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962) ("[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted").

Finally, while there are other less drastic sanctions, the Court finds that such sanctions would either be meaningless or have the same effect as a dismissal. Because plaintiff is refusing to be deposed, the sanctions in Fed. R. Civ. P. 37(b)(2)(A)(i) ("directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims") and (ii) ("prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence") would bar plaintiff from giving any testimony to support his claims. Striking a pleading (the only pleading being plaintiff's complaint) pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) would result in the dismissal of the case. Staying further proceedings pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iv) would serve no purpose other than to further delay resolution of the case. Fed. R. Civ. P. 37(b)(2)(A)(vi) (default judgment) is not at issue because the party failing to cooperate in

discovery is the plaintiff.  Finally, while the Court could treat plaintiff's action as contempt pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), the Court finds no good reason to pursue this route. Why should the Court hold a plaintiff in contempt for failing to pursue a complaint which he has clearly abandoned?  For these reasons, defendants' motion to dismiss should be granted.

### III. Recommendation

For all of the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (ECF No. 73) be **GRANTED** and that this case be **TERMINATED**.


Dated:  October 30, 2018                         /s/ Ray Kent
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).